UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BLUE NILE, INC. <br><br> Defendant. | CIVIL ACTION NO. <br> MAGISTRATE JUDGE Alexander <br><br> 08 CA 11053 NG |

## COMPLAINT AND JURY DEMAND

Plaintiff Hearts on Fire Company, LLC ("HOF"), by its undersigned attorneys, sets forth its Complaint against Defendant Blue Nile, Inc. ("Blue Nile") as follows:

## INTRODUCTION

1. This Complaint is brought to redress the willful and systematic violation of HOF's trademark rights by a direct competitor, Blue Nile. With full knowledge of HOF's rights in its name and trademark HEARTS ON FIRE®, Blue Nile is using the term hearts on fire both a) to trigger sponsored links to its website on internet search engine sites, and b) in the sponsored links themselves. The sponsored links improperly divert to Blue Nile's website internet consumers in search of HOF's products. At Blue Nile's website, the search term hearts on fire directs consumers to Blue Nile's own products. Blue Nile's actions are intended and calculated to exploit the good will that HOF has built into its trademark HEARTS ON FIRE® though years of extensive use and promotion.

## PARTIES

2.  HOF is a Massachusetts Limited Liability Company with a principal place of business at 99 Summer Street, Boston, Massachusetts 02210. HOF is a recognized worldwide industry leader in the marketing and sale of branded diamonds and jewelry – diamonds and jewelry that are identified by source-designating trademarks which it extensively promotes. HOF sells its diamonds and jewelry to authorized retailers and provides services relating to the sale of jewelry to retailers and the public. At its website www.heartsonfire.com, HOF promotes its diamonds and jewelry and directs customers to its authorized retailers.

3.  Blue Nile is a Delaware corporation with a principal place of business in Seattle, Washington. Blue Nile owns and operates an online diamond and fine jewelry retail sales business through a website at www.bluenile.com. Blue Nile is not an authorized retailer of HOF diamonds or jewelry, nor does it have HOF's permission to use any of HOF's trademarks, including HEARTS ON FIRE®.

## JURISDICTION AND VENUE

4.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Blue Nile "resides" in this judicial district within the meaning of 28 U.S.C. § 1391(c) insofar as Blue Nile is subject to personal jurisdiction in this district. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of

the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of this action is situated, within this district.

6. This court has personal jurisdiction over Blue Nile pursuant to Mass. Gen. Laws ch. 223A, §§ 3(a), (b), (c), and (d) because this action arises: (a) from Blue Nile's transaction of business in Massachusetts; (b) from Blue Nile's conduct with respect to contracting to supply things in Massachusetts, among other places; (c) from Blue Nile causing tortuous injury in Massachusetts by acts or omissions within Massachusetts; and/or (d) from Blue Nile causing tortuous injury in Massachusetts by acts or omissions outside of Massachusetts while regularly doing or soliciting business, or engaging in a persistent course of conduct, or deriving substantial revenues from goods used or consumed in Massachusetts.

7. The particular conduct triggering such jurisdiction includes, among other things:

(a) Blue Nile's operation of a highly interactive website through which it solicits and conducts business; and

(b) Blue Nile's intentional use of HOF's trademark on the Internet to promote the sale of competing goods through its website.

8. By intentionally using HOF's trademark, Blue Nile's conduct is intended to cause harm to HOF, a company which is located in the Commonwealth of Massachusetts.

9. Through such conduct, Blue Nile has purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts, and, when engaging in such conduct, it was reasonably foreseeable that Blue Nile would be subjected to this Court's jurisdiction.

## FACTUAL BACKGROUND

10. HOF was originally founded in 1978 as Di-Star, Ltd. Di-Star commenced use of the HEARTS ON FIRE® mark in connection with the sale of advertising and jewelry as early as 1996. Thereafter, HOF adopted its present name.

11. HOF is a leader in the distribution of branded diamonds – i.e., diamonds that are identified by source-designating trademarks, which are extensively promoted.

12. HOF sells to authorized retailers at numerous retail locations throughout the world, including over 600 locations in the United States.

13. HOF also promotes its diamonds and jewelry on-line through a website located at www.heartsonfire.com. Many of HOF's authorized retailers also sell HOF diamonds and jewelry on-line at their own web sites.

14. HOF is the owner of a number of trademarks and service marks, including the trademark HEARTS ON FIRE® in connection with diamonds and jewelry (the "Trademark"). HOF has used the Trademark since at least as early as 1996. The mark HEARTS ON FIRE® is registered with the United States Patent and Trademark Office under Reg. Nos. 2,119,886 and 2,686,511 for gemstones and jewelry, respectively. HOF has also registered the mark HEARTS ON FIRE® in many other countries throughout the world.

15. HOF has made a substantial investment in the promotion and protection of its Trademark HEARTS ON FIRE® and considers it among its most important and valuable assets. HOF has the exclusive right, among other things, to exploit commercially the Trademark and to bar use by third parties of any substantially similar marks.

16. Through extensive and continuous sales, promotion, and use, the Trademark HEARTS ON FIRE® has come to be associated with HOF and identifies HOF as the source of the goods and services offered in connection with the mark.

## Blue Nile's Misconduct

17. Blue Nile is an internet retailer of diamonds and fine jewelry containing diamonds.

18. Blue Nile promotes and sells its diamonds and jewelry through its web site located at www.bluenile.com.

19. Blue Nile's web site is a highly interactive site that sells diamonds and jewelry to online consumers.

20. Blue Nile is not an authorized retailer of HOF diamonds and jewelry.

21. Blue Nile is using HOF's Trademark on the internet improperly to divert potential consumers of HOF diamonds and jewelry to the Blue Nile website. Blue Nile has purchased the search term hearts on fire from webcrawler.com, a search engine that searches other search engines. Blue Niles uses the term to trigger sponsored links to www.bluenile.com. When a computer user at webcrawler.com types in hearts on fire to search the internet for HOF's diamonds, one of the high ranking search results is a sponsored link to www.bluenile.com. The link states "Ideal Cut Diamonds at Blue Nile. Find hearts on fire diamonds at Forbes Favorite Online Jeweler. Sponsored by: www.bluenile.com."

22. When the user clicks on the sponsored link, she is directed to Blue Nile's website www.bluenile.com. When the user types in the term hearts on fire in the search engine for the www.bluenile.com website, she is directed to links to www.bluenile.com web pages selling diamonds and jewelry containing diamonds, none of which are HOF diamonds or jewelry.

23. Given Blue Nile's use of hearts on fire at webcrawler.com, HOF believes that Blue Nile may be using HOF's Trademark in other keywords, key word tags, meta tags, and sponsored links on the internet to divert internet consumers in search of HOF diamonds to www.bluenile.com, and two other websites it owns and operates, www.bluenile.ca and www.bluenile.co.uk.

24. Blue Nile's use of HOF's Trademarked term hearts on fire as a search term to trigger sponsored links to its website www.bluenile.com, in its sponsored links, and at its own website to direct internet users to its own products, misappropriates the goodwill that HOF has built upon its trademark.

## Likelihood of Confusion

25. Blue Nile is engaged in use of HOF's well-known Trademark to promote competing goods through an identical means of promotion used by HOF and many of its retailers – namely, the Internet.

26. The use of HOF's well-known Trademark shows Blue Nile's intent to misappropriate HOF's good will by deceiving the consuming public.

27. Blue Nile's use of HOF's Trademark to divert internet users to its website and promote its competitive goods is highly likely to cause confusion, mistake, and deception among the general public as to the origin of Blue Nile's goods and/or as to sponsorship by, affiliation with, and/or connection to HOF.

# COUNT I
## Trademark Infringement
### (15 U.S.C. § 1114)

28. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

29. HOF has registered the Trademark HEARTS ON FIRE® with the federal principal register and has constructively and/or actually used the mark in connection with its goods and services in interstate commerce since 1996.

30. HOF engages in interstate activities designed to promote the goods and services sold, as well as the goodwill associated with its Trademark, throughout the United States.

31. The Trademark HEARTS ON FIRE® is inherently distinctive and/or has acquired secondary meaning.

32. The Trademark HEARTS ON FIRE® relating to HOF's diamond and jewelry business, has been, and will continue to be, known throughout the United States as identifying and distinguishing HOF's business.

33. Blue Nile did not use the term hearts on fire prior to 1996. HOF therefore has priority over defendant's use of the term.

34. Without authorization or the consent of HOF, Blue Nile has used, and continues to use, the Trademarked term hearts on fire. Blue Nile sells, offers for sale, distributes, and/or advertises goods to consumers that directly compete with HOF's sales of its own genuine diamonds and jewelry, in or affecting interstate commerce and provides information about diamonds in or affecting interstate commerce.

35. By using HOF's Trademarked term hearts on fire, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such mark, for profit and without HOF's authorization, Blue Nile is depriving HOF of its exclusive right to control, and benefit from, its Trademark. If permitted to continue, Blue Nile's actions will nullify HOF's right to the exclusive use of its mark, free from infringement, and will have a substantial and adverse effect on HOF's existing and projected future interstate business of marketing products and services identified by its Trademark.

36. By using HOF's Trademark to trigger sponsored links that contain the Trademark and divert internet users searching for HOF's diamonds and jewelry to Blue Nile's own web site that competes with HOF, Blue Nile is wrongfully using HOF's Trademark and intentionally violating HOF's rights in its mark.

37. Blue Nile's use of the Trademark as a key word, key word tag, meta tag, metadata or in sponsored links constitutes use in interstate commerce and trademark infringement in violation of § 32(a) of the Lanham Act, 15 U.S.C. §§ 1114(a). Its use of the Trademark in connection with the sale, distribution and advertising of its products is without HOF's permission or authority and is likely to cause confusion, to cause mistake, and to deceive, to the detriment of plaintiff and its customers.

38. On information and belief, Blue Nile's acts of trademark infringement have been committed willfully, deliberately and maliciously with the intent to cause confusion and mistake and to deceive. Accordingly, HOF is entitled to a judgment of three times its damages and Blue Nile's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

39. HOF has been, and continues to be, damaged by Blue Nile's activities and conduct. Blue Nile has profited thereby and, unless its conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT II
### Unfair Competition
### (15 U.S.C. § 1125(a))

40. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

41. Without authorization or the consent of HOF, Blue Nile has used, and continues to use, HOF's Trademarked term hearts on fire. Blue Nile sells, offers for sale, distributes, and/or advertises goods to consumers that directly compete with HOF's sales of its own genuine diamonds and jewelry, in or affecting interstate commerce and provides information about diamonds in or affecting interstate commerce.

42. Blue Nile's use of HOF's Trademark in connection with its goods and services is likely to cause, and is causing, confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether Blue Nile is sponsored by, affiliated with, or otherwise connected with HOF in violation of 28 U.S.C. § 1125(a).

43. By using HOF's Trademarked term hearts on fire, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such mark, for profit and without HOF's authorization, Blue Nile is depriving HOF of its exclusive right to control, and benefit from, its trademark. If permitted to continue, Blue Nile's actions will nullify HOF's right to the exclusive use of its mark, free from infringement, and will

have a substantial and adverse effect on HOF's existing and projected future interstate business of marketing products and services identified by its trademarks.

44. By using HOF's Trademark to trigger sponsored links that contain the Trademark and divert internet users searching for HOF's diamonds and jewelry to Blue Nile's own web site that competes with HOF, Blue Nile is wrongfully using HOF's Trademark and intentionally violating HOF's rights in its mark.

45. HOF has been, and continues to be, damaged by Blue Nile's activities and conduct. Blue Nile has profited thereby and, unless its conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

46 By using HOF's trademark HEARTS ON FIRE®, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such use, Blue Nile has intentionally and knowingly used HOF's trademarks. Accordingly, HOF is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

### COUNT III
### Unfair Competition
### (Common Law)

47. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

48. The Trademark is inherently distinctive and/or has acquired secondary meaning.

49. The Trademark relating to HOF's diamond and jewelry business has been, and will continue to be, known throughout the United States as identifying and distinguishing HOF's business.

50. Without authorization or consent of HOF, Blue Nile used, and continues to use, the Trademark in connection with the sale, offering for sale, distribution, and advertising of goods and/or services to the general public in competition with HOF.

51. Blue Nile's use of the Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services is likely to cause confusion, mistake, and deception among the general public as to the origin of Blue Nile's goods and services and/or as to sponsorship by, affiliation with, and/or connection to HOF.

52. Blue Nile has willfully, intentionally, and knowingly used the Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services not related to, affiliated, with, or sponsored by HOF.

53. By using the Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services to the general public, Blue Nile has wrongfully profited from its infringement of the mark. HOF has been, and continues to be, damaged by Blue Nile's conduct which has a substantial and adverse effect on HOF's goodwill and business identified by its trademarks. Furthermore, Blue Nile's actions will have the effect of nullifying HOF's right to the exclusive use of its Trademark, free from infringement. HOF, therefore seeks actual damages as well as disgorgement of Blue Nile's profits from the use of the Trademark.

54. Blue Nile has profited thereby and, unless its conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF also seeks injunctive relief to restrain Blue Nile's use of the Trademark and any marks confusingly similar to the Trademark.

## COUNT IV
### Unfair and Deceptive Acts and Practices
### (Mass. Gen. Laws ch. 93A)

55. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

56. HOF and Blue Nile are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

57. The foregoing conduct by Blue Nile constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

58. Through the unfair and deceptive acts and practices described herein, HOF has been, and continues to be, damages by Blue Nile's activities and conduct. Blue Nile has profited thereby and, unless its conduct is enjoined, HOF will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages. Accordingly, HOF seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

59. By using HOF's Trademark in connection with the sale, offering for sale, and/or advertising of goods to the general public, Blue Nile has intentionally and knowingly violated HOF's rights. Accordingly, HOF is entitled to a judgment of three times its damages, together with reasonable attorney's fees, pursuant to Mass. Gen. Laws ch. 93A § 11.

**WHEREFORE,** HOF respectfully requests that this Court:

1. Issue a preliminary injunction and permanent injunction prohibiting Blue Nile from using HOF's Trademark HEARTS ON FIRE® and any confusingly similar designations and requiring Blue Nile to discontinue its current infringing practices;

2. Enter judgment in favor of HOF on the counts asserted herein and award damages in an amount to be determined at trial, including damages in the amount of Blue Nile's profits from its willful infringement of HOF's marks, doubled or trebled where appropriate;

3. Award HOF the costs incurred in bringing this action, including attorney's fees and

4. Award HOF such further relief as it deems just, proper and equitable.

## JURY DEMAND

HOF demands a trial by jury on all issues so triable.

Respectfully submitted,

HEARTS ON FIRE COMPANY, LLC
By its attorneys,

Bruce E. Falby (BBO #544143)
Robert P. Sherman (BBO #548540)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile: 617.406.6100

Dated: June 20, 2008